UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JONATHAN KELLY,

        Petitioner,

                      12 CV5106 (SJ)

  -against-                      MEMORANDUM
                                     AND ORDER

UNITED STATES OF AMERICA,

        Respondent.
--------------------------------------------------------X

A P P E A R A N C E S
JONATHAN KELLY, *Pro Se*
#64295-053
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21501

LORETTA E. LYNCH
UNITED STATES ATTORNEY
271 Cadman Plaza East
Brooklyn, NY 11201
By: Berit Berger

JOHNSON, U.S.D.J:

        Petitioner Jonathan Kelly ("Petitioner" or "Kelly") proceeding pro se, moves pursuant to 28 U.S.C. § 2255 ("Section 2255") to vacate, set aside, or correct his sentence on the grounds that he received ineffective assistance of

1

counsel. The government opposes. For the following reasons, the motion is DENIED.

BACKGROUND

On May 5, 2008, Petitioner was charged in a superseding indictment with five sex trafficking offenses, some involving minors. (See Dkt. No. 34.) On September 18, 2008, he pleaded guilty to two of these charges, to wit: conspiracy to engage in sex trafficking, in violation of 18 U.S.C. § 371; and sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and (a)(2). The plea agreement estimated a combined adjusted offense level of 34, a criminal history category of I, and an adjusted Sentencing Guideline range of 151 to 188 months. The plea agreement contained a non-binding estimate clause providing that Petitioner would not be entitled to withdraw his plea if the Guideline offense level determined by Probation or the Court differed from the estimate in the plea agreement. The plea agreement also contained an appellate waiver clause precluding Petitioner from appealing his conviction or sentence, or pursuing a Section 2255 petition, if the Court imposed a term of imprisonment of 188 or below. The agreement also stated that it "is binding without regard to the sentencing analysis used by the Court." (Dkt. No. 6 at Exh. B.)

At his September 19, 2008 plea allocution, Petitioner testified under oath that he had read and discussed the plea agreement with his lawyer, that he was fully satisfied with the advice and representation given by his lawyer, that the agreement

was not entered pursuant to any threats or any promises not contained therein, and that the signature on the agreement was his own.

Prior to sentencing, the Probation Department calculated a total offense level two points higher than that in the plea agreement, having added enhancements for the use of a computer and Kelly's role as an organizer and leader in the offense. U.S.S.G. §§ 2G1.3(b)(3)(B); 3B1.1(c)(2). However, at the July 2, 2010, sentencing, Kelly's focus was the undue influence enhancement of U.S.S.G. § 2G1.3(b)(2)(b). He claimed the enhancement was unwarranted because the Jane Doe victims were willing participants in the prostitute lifestyle:

> Petitioner: I understand that what I did was wrong. Right. I understand what I did was wrong….I didn't know the girl was fourteen years old. It really didn't matter how old she was. I shouldn't have did [*sic*] it, but a lot of things that you said besides what I did isn't [*sic*] true. What I did, I did, I did pimp the girl, I did, I did do that….And -- and I know -- I know what I did was wrong. I didn't beat people. I didn't do things like that. I was being selfish. You know what I'm saying? I'm not really that type of person.
>
> The Court: You're a nice pimp?
>
> Petitioner: I'm not. I don't want to be a pimp anymore.

(Tr. of 7/2/10 Sentencing at 16.)

The Court applied the enhancement, as it was not only in Probation's recommendation but also in the plea agreement. The Probation Department, however, assigned Kelly to criminal history category III instead of I. This difference led to a substantially higher guideline range of 235 to 293 months.

3

The Court sentenced Kelly to 188 months, relying instead on the terms of the plea agreement. Kelly appealed his sentence and the Second Circuit affirmed, finding that Kelly's right to appeal had been waived. United States v. Ramirez, 434 Fed. Appx. 39 (2d Cir. 2011).

On October 9, 2012, Kelly filed the instant motion, claiming "ineffective assistance of counsel during the plea-bargaining process." (Dkt. No. 1.) The government opposes, arguing that his claim is procedurally barred and, even if it was not, the claim fails on the merits.

## DISCUSSION

In a petition under Section 2255, the Petitioner must show that the sentence "(1) was imposed in violation of the Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authoritzed by law; or (4) is otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2010). In Section 2255 proceedings, a petitioner bears the burden of proof by a preponderance of the evidence. See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).

*Petitioner's Claim is Procedurally Barred*

As noted, the plea agreement states that Petitioner waived his right to challenge his conviction and sentence under Section 2255, as long as the sentence

4

of imprisonment was 188 months or below. Generally, such waivers are enforceable. See Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001); United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997); United States v. Maher, 108 F.3d 1513, 1531 (2d Cir. 1997).

A petitioner may have a valid claim that the waiver of appellate rights is unenforceable in some circumstances such as (1) when the waiver has not been made knowingly, voluntarily, and competently, see United States v. Ready, 82 F.3d 551, 556-57 (2d Cir. 1996); (2) when the sentence is imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, see United States v. Jacobson, 15 F.3d 19, 22-23 (2d Cir. 1994); (3) when the government has breached the plea agreement, see Rosa, 123 F.2d at 98 (citation omitted); or (4) when the sentencing court has failed to enunciate any rationale for the sentence imposed, thus "amount[ing] to an abdication of judicial responsibility subject to mandamus." United States v. Yemitan, 70 F.2d 746, 748 (2d Cir. 1995).

Here, Kelly argues that his plea was not knowing and voluntary. Specifically, he states:

> Petitioner's counsel failed to properly investigate and advise petitioner of the relevant guideline calculations during consideration of a plea offer. Petitioner accepted the plea agreement believing that the guideline calculations were correctly determined by the government and his attorney and that there was no alternative unless petitioner choose [*sic*] to proceed to trial and face the life-sentence predicted by his counsel. The plea was, therefore, rendered unknowing and involuntary because petitioner would have chosen to go to trial than [*sic*] to have accepted the plea offer.

(Dkt. No. 1 at 4.) However, the Court's review of the plea agreement and Kelly's allocution reveals that Kelly understood the implications of waiving his right to appeal a sentence of 188 months or less, and that counsel advised him of same.

> The Court: In paragraph four, you agree not to file an appeal or otherwise challenge by petition, pursuant to 28 U.S.C. § 2255, if you receive a sentence of 188 months or below. You understand that?
>
> Petitioner: Yes.

(Tr. of 9/19/08 at 7.)

With respect to Kelly's legal counsel, the following exchange took place:

> The Court: Are you fully satisfied with the...representation and advice he's given you with respect to these charges?
>
> Petitioner: Yes.

(Id. at 3.)

"These '[s]olemn declarations in open court carry a strong presumption of verity.'" Garcia v. United States, Nos. 08 CV 4999 (SJ), 04 CR 693 (SJ), 2009 WL 3379135 at *2 (E.D.N.Y. Oct. 20, 2009) (quoting Blackledge v. Allison, 431 U.S. 63, 73 (1977)); see also Okupe v. United Statees, No. 08 CV 693 (RJD), 2009 WL 455289, at *2 (E.D.N.Y. Feb. 23, 2009) (upholding waiver provision in plea agreement and dismissing Section 2255 petition where petitioner stated in allocution that he read and understood the plea agreement, discussed same with his lawyer, and understood he was agreeing to waive his right to challenge a sentence

within the range set forth in the plea agreement); VanLoo v. United States, Nos. 02 CR 104 (AGS), 03 CV 8586 (JFK), 2004 WL 16093335, at *4 (S.D.N.Y. Jul. 16, 2004) ("Although a defendant must be able to expect that his lawyer's advice is reasonable, undoubtedly, petitioner takes a calculated risk when he demurs to the judgment of his attorney.").

The Court sentenced Petitioner to 188 months, the upward limit set out in the plea agreement, and Petitioner understood the implications of pleading guilty at his allocution. Therefore, the Court finds the petition barred.

*Petitioner's Claim Fails on the Merits*

Even if Petitioner's 2255 motion was not barred, it would fail on the merits because Kelly cannot demonstrate that he suffered ineffective assistance of counsel.

"In all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence." U.S. Const. amend VI. Under the well-established test set forth in Strickland v. Washington, 466 U.S. 688, 689-94 (1984), in order to prevail, Kelly must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. Id.

To establish deficient performance, Kelly must demonstrate that "counsel's representations 'fell below an objective standard of reasonableness.'" Wiggins v. Smith, 539 U.S. 510, 521 (2003) (quoting Strickland, 466 U.S. at 688). Counsel "is strongly presumed to have rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[T]o establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Kelly's sworn statements at his plea allocution preclude his argument that he believed his counsel's performance was deficient. See Hernandez, 242 F.3d 110 (2d Cir. 2001) (affirming conviction where defendant's "factual assertions regarding his counsel's alleged ineffectiveness simply contradict his sworn statements at the plea allocution"); see also Okupe v. United States, 2009 WL 455289, at *2 (E.D.N.Y. Feb. 23, 2009) (upholding waiver provision in plea agreement and dismissing 2255 petition where petitioner stated in plea allocution that he read and understood the plea agreement, discussed same with his lawyer, and understood he was agreeing to waive his right to challenge a sentence within the range set forth in the plea agreement). And regardless of what Kelly believes, his lawyer's performance was not deficient. See, e.g., VanLoo, 2004 WL 1609335, at *4 ("Considering the indictment that [petitioner] faced, the Court finds the agreement obtained by [his] counsel to be quite reasonable.").

Moreover, Petitioner is also unable to meet the second element of the Strickland test because "no prejudice exists when a plea agreement lessens the severity of the sentence defendant would face if convicted at trial." Padilla v.

Keane, 331 F. Supp. 2d 209, 217 (S.D.N.Y. 2004); see also Strouse v. Leonardo, 928 F.3d 548, 556 (2d Cir. 1991) (finding evidence of guilt so "overwhelming" that court could not say that result at trial would have been different but for the alleged deficiency complained of by defendant). Here, the guideline calculation of 235 to 293 months is substantially higher than Kelly's sentence, and does not even include the three dismissed counts, all of which carry substantial sentences. Therefore, his argument that he is somehow prejudiced by the agreement he and his attorney reached with the government is specious.

## CONCLUSION

For the foregoing reasons, the motion is denied. The Clerk of the Court is directed to close the case.

Dated:  November 10, 2014            _____/s_____
       Brooklyn, New York            Sterling Johnson, Jr., U.S.D.J.